### OHIO BROADCASTING CORP v WILLIAMSON et

Ohio Appeals, 7th Dist, Mahoning Co

Decided Aug 25, 1933

Manchester, Ford, Bennett & Powers, Youngstown, for plaintiff.

Barnum, Hammond, Stephens & Hoyt, Youngstown, A. M. Henderson, Youngstown, and A. J. Williams, Youngstown, for defendants.

## OPINION

By ROBERTS, J.

To reach a conclusion upon the issue thus presented recourse should be had to the law applicable thereto, in connection with the facts as presented in the case. The law in Ohio regarding receiverships is quite well settled and we will be content with the citation and quotation from one decision only. In the case of Hoiles v Watkins et, 117 Oh St, page 165, the syllabus reads as follows:

"1. The appointment of a receiver is an extraordinary provisional remedy of ancillary character, regulated by statutory provision and allowable only in cases pending for some other purpose.

2. To justify the appointment of a receiver within the purview of the sixth paragraph of §11894, GC, in 'cases in which receivers heretofore have been appointed by the usages of equity,' it must appear that the same is ancillary to some final relief in equity between the parties, and not the sole object sought; nor should such appointment be made if the plaintiff has a full and adequate remedy at law in respect to his alleged rights, or where the court can find another and less stringent means for protecting the rights of the parties."

On page 177 of the opinion in this case, it is said:

"In Willson v Waltham Watch Company, (D. C.), 293, F., 811, 814, it is said:

'It is well settled that, unless the rights of the plaintiff are such as to entitle her to relief in equity, she cannot ask for a receivership merely on the ground that under the guidance of the court the internal affairs of the corporation might be conducted in a manner more satisfactory to her. Receivership is an incident merely to proceedings in equity involving the rights of parties, and is resorted to for the purpose of conserving the property and assets of the respondent pending adjudication of these rights. A receivership cannot be the primary object of litigation. This court is without jurisdiction to take over the affairs of a corporation for the purpose of administering its internal affairs in conformity with the desires of a minority stockholder."

It will be noted that the corporation whose stock is involved, and over whose property a receiver is sought to be appointed, is not a party to this action, and that the issues presented do not in any way involve the property of the corporation, but only a determination of the ownership of certain certificates of stock. The rights of the plaintiff in this appeal action are protected to the extent of an appeal bond having been given in the sum of Sixteen Thousand Dollars. A perusal of the evidence in this case, the briefs of counsel, and a recollection of the oral argument, do not indicate fraudulent conduct on the part of the defendants who are officers of the corporation, whose stock is in dispute, nor is there indicated insolvency of this corporation, or insolvency to be apprehended, or a wasting or dissipation of the property, or that its business is being mismanaged. Some personal feeling between the plaintiff and some of the defendants is suggested. The evidence indicates that the stock of this company is valuable. It is a going concern. The existence of fraud or mismanagement was disclaimed on behalf of the plaintiff, in oral argument. The appointment of a

receiver and the administration of the affairs of the corporation by a receiver would be a matter of large expense. It would interrupt and disturb the business as now being conducted, and its affairs would be administered by a person presumably not as familiar with the business as those persons who are now in charge. Readiness for the trial of this case upon its merits has been expressed by both parties and the case can be heard within two months. The issue in this case involving only the ownership of certificates of stock in a corporation, the right or duty to appoint a receiver of the assets of the corporation itself is, at least, a doubtful proposition.

Taking all of these matters into consideration, and such other things as have been presented through briefs or argument, this court is of the opinion that it would not be authorized to, or justified in, the appointment of a receiver as asked by the plaintiff. The motion, theerfore, is overruled.

FARR and POLLOCK, JJ, concur.